[2] Upon the question of law whether expressions used in pleadings or argument, oral or written, in this court, in complaining of the ruling of a trial court, are punishable by the trial court for contempt, we are clear that they are not. They partake of the nature of privileged communications, so far as the trial court is concerned. If they are reprehensible, the proper tribunal to take action upon them is this court. 13 Cyc. 32; notes 73 and 74.

The point is made by the respondent judges that this court cannot, or will not, interfere in the present case even though their action in the premises was without authority; but this is done, we assume, merely for whatever the point may be worth, and not very seriously.

The judgment condemning the relators for contempt is therefore annulled, and the rule against the relators for contempt is discharged.

---

(92 South. 138)

No. 25256.

### STATE v. WHITTIKER.

### In re WHITTIKER.

(May 15, 1922.)

*(Syllabus by Editorial Staff.)*

Bail ⊜⇒44—Error to deny pending appeal or to suspend until filing of transcript.

Under Const. art. 1, § 12, relative to bail, and Rev. St. § 1002, relative to filing of transcript on appeal, one sentenced to fine and imprisonment for selling intoxicating liquors was entitled to bail as soon as the order of appeal was granted, and it was error to refuse bail, or, in granting it, to stay the execution of the order until the transcript of appeal should be lodged in Supreme Court.

Newt Whittiker was convicted of unlawfully selling intoxicating liquors, and bail pending appeal was denied, and he applies for writ of mandamus, directed to the judge of the twelfth judicial district, parish of Vernon. Alternative writ made peremptory.

P. L. Ferguson, of Leesville, for applicant.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendant in the above entitled and numbered cause was convicted of unlawfully selling intoxicating liquors, and was thereupon sentenced "to pay a fine of $400 and costs and 60 days in the parish jail, or in default of the payment of the fine and costs, to be confined an additional 10 months in the parish jail subject to work on the public roads as provided by law."

From this conviction and sentence defendant obtained on April 11, 1922, an appeal to this court and immediately thereafter requested the trial judge to fix bail for his appearance, so that he might be released pending the appeal. This request being refused, defendant then gave the judge notice of his intention to apply to this court for a writ of mandamus.

The application for a mandamus was accordingly presented to this court, and the usual alternative order was issued.

The judge in the meanwhile, on April 12, 1922, fixed bail in the sum of $500, but in the same order he directed the sheriff not to release the defendant from custody until the transcript of appeal should be lodged in this court.

The appeal was made returnable on May 11, 1922, so that the order for bail was granted under the condition that it should not go into effect before May 11, 1922.

According to section 12 of article 1 of the Constitution defendant was entitled to bail as soon as the order of appeal was granted.

Under the provisions of section 1002 of the Revised Statutes, it is made the duty of the clerk of the court to file the transcript of appeal in the appellate court, and there is then nothing more to be done by a defendant in the prosecution of his appeal after he has obtained the order of appeal.

There was error on the part of the judge in first refusing the order for bail, then in staying the effect of the order, which he subsequently granted, until the transcript of appeal should be lodged in this court.

For these reasons the alternative writ herein granted is made peremptory.